1  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
2  DAVID RAIZMAN, CA Bar No. 129407
   david.raizman@ogletree.com
3  NICHOLAS MARFORI, CA Bar No. 311765
   nicholas.marfori@ogletree.com
4  400 South Hope Street, Suite 1200
   Los Angeles, California 90071
5  Telephone:  213-239-9800
   Facsimile:  213-239-9045
6
7  Attorneys for Defendant
   WEST MARINE PRODUCTS, INC.

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  PORTIA MASON, an individual, | Case No. 2:25-cv-3477 |
| 12              Plaintiff, | **DEFENDANT WEST MARINE PRODUCTS, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** |
| 13          v. | |
| 14  WEST MARINE PRODUCTS, INC., a Florida Corporation; and DOES 1-50, Inclusive, | [*Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement and Certification of Interested Parties; Declaration of Paulee Day; and Declaration of Nicholas Marfori*] __ |
| 15 | |
| 16              Defendants. | |
| 17 | |
| 18 | |
| 19 | Complaint Filed: March 24, 2025<br>Trial Date:        None |
| 20 | __ |

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), and 1446, defendant West Marine Products, Inc. ("Defendant") removes this action from the Los Angeles County Superior Court to the United States District Court for the Central District of California on the following grounds:

## I.    THE STATE COURT ACTION

1.    On March 24, 2025, plaintiff Portia Mason ("Plaintiff") commenced an action in the Superior Court of California for the County of Los Angeles entitled *Portia Mason v. West Marine Products, Inc., a Florida Corporation*, Case No. 25STLC02338.  A true and correct copy of the Complaint is attached as **Exhibit "A"** to this Notice of Removal.

2.    On April 1, 2025, Defendant's agent for service of process was served with a copy of the Summons and Complaint in the action.  A true and correct copy of all documents served on Defendant's registered agent is attached to this Notice as **Exhibit "B."**  Those documents constitute all pleadings, process and other documents Defendant has received in this action.  These documents were the initial pleadings received by Defendant setting forth the claims upon which such action is based and assigning a judge.

3.    On April 18, 2025, Defendant filed its Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer to the Complaint is attached to this Notice as **Exhibit "C."**

4.    Plaintiff has not yet identified (or served) any of the fictitious "Doe" defendants named in the Complaint.

5.    The above-mentioned lawsuit is a civil action for injunctive relief and money damages against Defendant in which Plaintiff has alleged three causes of action: (1) violations of the Unruh Civil Rights Act, California Civil Code § 51 *et*

*seq.* ("Unruh Act"); (2) violations of the California Disabled Persons Act, Civil Code § 54.1 ("CDPA"); and (3) violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").

## II.    <u>TIMELINESS OF REMOVAL</u>

6.    A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that Defendant was originally served with a copy of the Summons and Complaint on April 1, 2025, no more than thirty (30) days before the filing of this Notice of Removal.

7.    The consent of fictitious "Doe" defendants is not required because they have not been served.  Thus, Defendant is the only party who must consent to removal.

## III.    <u>REMOVAL PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION)</u>

8.    This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it arises under a federal statute, namely, the ADA, 42 U.S.C. §§ 12101, *et seq.*

9.    Plaintiff's third cause of action expressly alleges violations of the ADA—a federal statute.  (Complaint (Ex. A) ¶¶ 7-9, 75-86.)  Accordingly, Plaintiff's lawsuit is removable to this Court because there is federal question jurisdiction.  *See Emich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988).

10.    <u>Supplemental Jurisdiction Over State Law Claims</u>.  Pursuant to 28 U.S.C. § 1367, this Court has the discretion to exercise supplemental jurisdiction over the state law claims in Plaintiff's Complaint because the state law claims are transactionally-related to Plaintiff's ADA cause of action.  The state law claims derive from the same common nucleus of operative facts as the federal claim.  *See*

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Emich*, 846 F.2d at 1196.  More specifically, Plaintiff's claims for violation of the ADA, Unruh Act, and CDPA all allege that Plaintiff was denied access to Defendant's goods due to alleged barriers on Defendant's Website. (*See* Complaint ¶¶ 62, 72, 83.)  Indeed, as Plaintiff *expressly* alleges, her state law causes of actions are derivative of her ADA claim.  (*See* Complaint ¶¶ 64, 71.)  Accordingly, supplemental jurisdiction over Plaintiff's Unruh Act and CDPA claims is proper.  *See Johnson v. Cala Stevens Creek/Monroe, LLC,* 401 F. Supp. 3d 904, 911 (N.D. Cal. 2019) (exercising supplemental jurisdiction over Unruh Act claim derivative of an ADA claim and noting that "[b]ecause Plaintiff's Unruh Act claim is predicated on a violation of the ADA, the Court will primarily look to federal law to decide the issues in the case.")

## IV.    REMOVAL PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)

### A.    Complete Diversity Exists Between the Parties

11.    Citizenship of Plaintiff.  For diversity purposes, an individual is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place where he or she resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12.    Here, Plaintiff is and was at all times relevant to this action a citizen of the State of California.  (*See* Complaint ¶ 11 ("Plaintiff, at all relevant times, is and was a resident of Los Angeles County, California".)

13.    Citizenship of Defendant.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Here, Defendant is incorporated in the state of Florida.  (Declaration of Paulee Day ("Day Decl."), ¶ 2.) Furthermore, Defendant has its corporate headquarters and its principal place of business in Fort Lauderdale, Florida, where Defendant's executive and administrative operations are centrally managed and where Defendant's executive

1  officers direct, control, and coordinate Defendant's activities, including but not
2  limited to, administering company-wide policies and procedures, legal affairs, and
3  general business operations. (*Id.*)  Defendant's corporate books and records are
4  maintained at and/or from the corporate headquarters in Fort Lauderdale, Florida.
5  (*Id.*)  Accordingly, at all times on or after the date this action was filed, Defendant
6  has been a citizen of Florida.  (*Id.*)

7       14.    For purposes of removal, diversity of citizenship is determined at the
8  time the action is filed and at the time of removal.  *Strotek Corp. v. Air Transport*
9  *Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).  At the time of this removal,
10 Defendant is a citizen of Florida, and no other state.  (Day Decl. ¶ 2.)

11      15.    Accordingly, for purposes of determining diversity, Defendant—which
12 is incorporated in Florida and has a principal place of business in Florida—is
13 regarded as a citizen of Florida for diversity purposes.  (*Id.*)

14      16.    Citizenship of Doe Defendants. The citizenship of fictitiously-named
15 "Doe" defendants is disregarded for the purposes of removal.  28 U.S.C. § 1441(a);
16 *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

17      17.    As Plaintiff and Defendant are citizens of different states under the
18 applicable legal standards, complete diversity exists in this case.

19      18.    Citizenship of Doe Defendants. The citizenship of fictitiously-named
20 "Doe" defendants is disregarded for the purposes of removal.  28 U.S.C. § 1441(a);
21 *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

22      19.    As Plaintiff and Defendant are citizens of different states under the
23 applicable legal standards, complete diversity exists in this case.

24 **V.    THE JURISDICTIONAL MINIMUM IS MET**
25      20.    In order to show that the amount in controversy requirement is satisfied,
26 Defendant need only demonstrate, by a preponderance of evidence, that Plaintiff's
27 claims meet the jurisdictional minimum.  28 U.S.C. § 1446(c)(2)(B).  In determining
28 whether the jurisdictional minimum is met, the Court is entitled to and should

consider all recoverable damages sought by Plaintiff, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  See *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977), superseded on other grounds; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Servs.*, Inc., 75 F.3d 311, 315 (7th Cir. 1996).  In addition, the Court may consider the value of nonmonetary relief sought (28 U.S.C. § 1446(c)(2)(A)(i)) and aggregate claims for monetary and nonmonetary relief brought by a single plaintiff against a single defendant.  See *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (noting "aggregation is permitted when 'a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.'"); Wolde-*Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (same).  Ultimately, the removing defendant meets its burden of establishing the jurisdictional minimum amount in controversy if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

21.    Based on the Unruh Act's recovery scheme and Plaintiff's theory of recovery and prayer for relief as set forth in his Complaint, it is clear that the aggregate of monetary and nonmonetary relief at issue in this case exceeds $75,000. The Complaint does not allege a damage amount.  However, removal is proper because, based on the allegations of the Complaint, it is more likely than not that the value of the relief sought in connection with Plaintiff's causes of action exceeds $75,000.  *See Sanchez,* 95 F.3d at 860; *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

22.    Here, Plaintiff's Complaint seeks statutory damages, injunctive relief, pre-judgment interest, and attorneys' fees and costs.  (*See* Complaint, Prayer for Relief.)

23.    <u>Monetary Damages</u>:  Generally, "the sum demanded in good faith in the

initial pleading shall be deemed to be the amount in controversy," subject to certain
exceptions, such as nonmonetary relief, discussed below.  *See* 28 U.S.C. §
1446(c)(2).  In this regard, while Defendant disputes any liability in this case, a
review of the damages potentially recoverable under the Unruh Act and Plaintiff's
theory of liability, which alleges repeating claims and alleged ongoing violations by
Defendant, demonstrates that the value of the damages recovery sought by Plaintiff
in the Complaint satisfies the "good faith" requirement for purposes of removal
under 28 U.S.C. § 1446(c)(2).

24.     The Unruh Act allows for recovery of a statutory minimum of $4,000
"for each and every offense" of its provisions.  Cal. Civ. Code § 52(a).  "'[E]ach
offense' is each time the plaintiff visits the non-compliant place of public
accommodation *or* each specific instance in which the plaintiff is *deterred* from
attempting to visit." *Molski v. Rapazzini Winery*, 400 F. Supp. 2d 1208, 1211-1212
(N.D. Cal. 2005) (emphasis added), *citing Arnold v. United Artists Theatre Circuit,
Inc.* 866 F. Supp. 433 (N.D. Cal. 1994); Cal. Civ. Code § 55.56(b); *see Feezor v. Del
Taco, Inc.*, 431 F. Supp. 2d 1088, 1090 (S.D. Cal. 2005), *citing Lentini v. Cal. Ctr.
for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004); *Arnold*, 866 F. Supp. at 439.

25.     Here, Plaintiff alleges that she has visited the Website multiple times
and encountered multiple access barriers.  (Complaint ¶ 42, 50.)  But in addition to
these past violations that Plaintiff alleges she experienced, Plaintiff further asserts
that she continues to be regularly deterred from accessing the Website (Complaint ¶¶
45, 47-49.)  Specifically, Plaintiff alleges that "[t]he access barriers Plaintiff
encountered have caused a denial of Plaintiff's full and equal access in the past, and
**now deter Plaintiff on a regular basis** from visiting the Website in order to perform
functions equal to the sighted."  (Complaint ¶ 45.)

26.     Given Plaintiff's allegations that she has visited the Website and
experienced purported access barriers on multiple occasions, *and* that she has been
continuously deterred from accessing the website on a "regular" basis, Plaintiff

1    clearly is seeking to demonstrate grounds for recovery based on numerous individual

2    "offenses."  At $4,000 *minimum* damages per offense, if Plaintiff prevails on her

3    Unruh Act claim and recovers damages for her claim, Plaintiff will likely recover

4    over $75,000 in damages and attorneys' fees.

5         27.    <u>Attorneys' Fees</u>:  Moreover, since attorneys' fees are recoverable as a

6    matter of right for prevailing parties under the Unruh Act, the Court may also

7    consider such fees when determining the amount in controversy.  Cal. Civ. Code §

8    52(a); *see Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998)

9    ("[W]here an underlying statute authorizes an award of attorneys' fees, either with

10   mandatory or discretionary language, such fees may be included in the amount in

11   controversy."); *Miera v. Dairyland Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp.

12   2d 1004, 1010-1011 (N.D. Cal. 2002) (same).  Significantly, courts in the Central

13   District have held that estimated fees during the litigation may be considered as part

14   of the amount in controversy.  *See*, *e.g.*, *Oganesyan v. AT&T Mobility Servs., LLC*,

15   2014 U.S. Dist. LEXIS 132126, *7 (C.D. Cal. Sept. 18, 2014) (holding that where an

16   underlying statute permits recovery of attorneys' fees, "the Court does not merely

17   consider those fees which have already incurred; rather, it looks to the amount that

18   can be reasonably estimated" when determining the amount in controversy); *Sawyer*

19   *v. Retail, DATA, LLC*, 2015 U.S. Dist. LEXIS 57113, *6-*7 (C.D. Cal. Apr. 29,

20   2015) ("[Plaintiff's] claim for fees is authorized by Cal. Gov't Code § 12965(b), and

21   thus her post-removal attorneys' fees are part of the 'amount at stake' in the

22   action."); *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, *11

23   (C.D. Cal. Mar. 3, 2015) (same).

24        28.    Based on Defendant's counsel's extensive experience with federal and

25   state accessibility litigation, it is reasonably plausible that the combined alleged

26   damages and expected attorneys' fees in this case exceed $75,000 (though Defendant

27   disputes all claims for damages and attorneys' fees).  (Declaration of Nicholas

28   Marfori ("Marfori Decl.") ¶ 2-4.)

DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

29.    Moreover, if this case is ultimately resolved at trial and Plaintiff prevails, there can be little doubt that Plaintiff's attorneys' fees, which are recoverable pursuant to statute, will cause Plaintiff's monetary recover to far exceed the jurisdictional minimum of $75,000.  (*See* Marfori Decl. ¶¶ 2-4.)

30.    <u>Nonmonetary Relief</u>:  The Court may also consider the cost of nonmonetary relief alleged in Plaintiff's Complaint.  28 U.S.C. § 1446(c)(2)(A)(i). Here, Plaintiff seeks preliminary and permanent injunctive relief "enjoining Defendant from violating the Unruh Civil Rights Act and ADA and requiring Defendant to take the steps necessary to make [the Website] readily accessible to and usable by visually-impaired individuals." (Complaint ¶ 86.)  In the context of single-plaintiff cases, the Ninth Circuit has adopted an "either viewpoint" rule such that "the test for determining the amount in controversy is the *pecuniary result to either party which the judgment would directly produce*."  *In re Ford Motor Co./Citibank (South Dakota), NA*, 264 F.3d 952, 958 (9th Cir. 2001) (emphasis added); *see Sanchez*, 102 F.3d at 405 n. 6 (observing how the 9th Circuit "rejected the 'plaintiff-viewpoint' rule, which states that courts attempting to determine the value of a claim for purposes of the amount in controversy requirement should look only to the benefit to the plaintiff, rather than to the potential loss to the defendant."), *citing Ridder Bros, Inc. v. Blethen, et al.*, 142 F.2d 395, 398 (9th Cir. 1944) (noting "if the value of the thing to be accomplished [is] equal to the dollar minimum of the jurisdictional amount requirement to anyone concerned in the action, then jurisdiction [is] satisfied.").  Accordingly, to the extent the cost of remedying the alleged issues with the Website, combined with Plaintiff's alleged monetary damages and attorneys' fees and costs, exceeds $75,000, the amount in controversy requirement is met.

31.    There is little doubt that the cost of implementing the changes sought in Plaintiff's Complaint could alone meet the minimum amount in controversy for removal.  Plaintiff's Complaint notes several alleged types of barriers on the

DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Website, including, inconsistent alternative text, non-descriptive interactive elements, incorrect landmark structure, navigation menu, tab key function issues, noncompliant carousel, link text destination issues, improper "buttons" and tags, faulty alert dialog, and search suggestion functions. (Complaint ¶¶ 43 (subparagraphs a-b), 44 (subparagraphs a-j).)

32.    Significantly, due to the complexity and labor-intensive nature of assessing a website (which includes examining the website at the code level), the cost of performing an initial accessibility assessment and a subsequent reassessment following completion of the remediation work can well exceed $50,000.  (Marfori Decl. ¶ 4.)  This does not even take into consideration the cost of the actual remediation work and the cost of continuous auditing and monitoring of the website to ensure continued compliance.  (*Id*.)

33.    To the extent barriers exist, there will be additional costs associated with remediation of the alleged barriers.  Thus, based on the anticipated assessment cost alone, a conservative estimate of Plaintiff's demand for statutory damages based on Plaintiff's prayer for relief, and the potential attorneys' fees sought in this action, it is clear that the $75,000 amount in controversy easily is met in this case.

34.    Based on the allegations and all evidence cited above, this Court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1441(a).  Plaintiff and Defendant are not citizens of the same state.  In addition, Plaintiff's claims place more than $75,000 in controversy, exclusive of interests and costs.  Thus, removal to federal court is proper.

## VI.    ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

35.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Los Angeles County Superior Court is located within the Central District of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

36.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as **Exhibit B** to this Notice.

37.     Pursuant to 28 U.S.C. §1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of that Notice with the Superior Court of California, County of Los Angeles.  True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

38.     As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendant concurrently files its Corporate Disclosure Statement and Certification of Interested Parties.

## VII.  <u>CONCLUSION</u>

WHEREFORE, Defendant removes the above action to this Court.  In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

Respectfully submitted,

DATED: April 18, 2025                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ J. Nicholas Marfori
     David Raizman
     J. Nicholas Marfori

Attorneys for Defendant
WEST MARINE PRODUCTS, INC.